1  EVERSHEDS SUTHERLAND (US) LLP
   Ian S. Shelton (SBN 264863)
2  ianshelton@eversheds-sutherland.com
   500 Capitol Mall, Suite 1750
3  Sacramento, CA 95814
   Telephone:    (916) 844-2965
4  Facsimile:    (916) 241-0501

5

6  Attorneys for Defendant
   GEICO INDEMNITY COMPANY

7

8                 UNITED STATES DISTRICT COURT

9      NORTERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

10 | KRISTEN PEREZ, individually and on behalf | CASE NO. 5:20-cv-07436
      of all others similarly situated,
11                                            | **NOTICE OF MOTION AND MOTION TO**
                                              | **COMPEL APPRAISAL AND DISMISS**
                 Plaintiff,                   | **THE COMPLAINT OR STAY THE CASE**
12                                            | **BY DEFENDANT GEICO INDEMNITY**
   v.                                         | **COMPANY**
13
14 | GEICO INDEMNITY COMPANY, a foreign        | Hearing Date:  April 22, 2021
      insurance company,                       | Hearing Time: 1:30 p.m.
15
                 Defendant.                   | Judge:       Hon. Lucy H. Koh
16                                            | Courtroom:   8, 4th Floor
                                              | Address:     280 South 1st Street
17                                            |              San Jose, California

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 22, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Courtroom 8, 4th Floor of the United States District Court, Northern District of California, San Jose Courthouse 280 South 1st Street, San Jose, California, Defendant GEICO Indemnity Company ("GEICO") will move this Court to dismiss the Amended Complaint or, in the alternative, to compel Plaintiff Kristen Perez ("Plaintiff" or "Perez") to comply with the appraisal provisions of her automobile insurance policy, which is treated as a mandatory arbitration agreement under the Federal Arbitration Act ("FAA") and stay or dismiss this class action.  Through this motion, GEICO seeks the following relief:

- Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:
  - Dismiss Count One of the Complaint, asserting a claim for breach of contract, because Plaintiff does not plausibly allege the elements of her claim;
- In the alternative, if the Court does not dismiss the Complaint, compel Plaintiff to comply with the appraisal provision of her policy, and dismiss the Complaint or alternatively stay the case pending the appraisal.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and the Declaration of Ian Shelton; the pleadings and other papers on file in this action; and such other declarations, evidence and argument as may be presented before or at the hearing.  Pursuant to Judge Koh's procedures, GEICO obtained the April 21, 2021 hearing date for the present motion by emailing chambers on December 28, 2020.

DATED:  December 28, 2020            EVERSHEDS SUTHERLAND (US) LLP

By */s/ Ian S. Shelton*

Attorneys for Defendant
GEICO INDEMNITY COMPANY

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

      A.     Plaintiff Does Not Allege a Breach of the Policy. ................................................... 4

      B.     Plaintiff Does Not Adequately Plead Damages. ..................................................... 6

II.     THE COURT SHOULD COMPEL APPRAISAL AND DISMISS THE COMPLAINT OR STAY THE CASE PENDING THE APPRAISAL. ............................. 8

      A.     The Appraisal Provision Is Enforceable as a Mandatory Arbitration Agreement. ......................................................................................................... 8

      B.     The Court Should Dismiss the Complaint or Alternatively Stay the Case Pending the Appraisal. ....................................................................................... 10

CONCLUSION ...................................................................................................................... 11

1

<u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>                                                                                                                    Page(s)

3

*730 I St. Inv'rs, LLC v. Evanston Ins. Co.*, No. 2:19-CV-00040-JAM-CKD, 2019 WL
   1869851 (E.D. Cal. Apr. 25, 2019) ................................................................... 11

4

*Allstate Ins. Co. v. Gassman*, No. CV 08-04833-DSF-PLAx (C.D. Cal. Apr. 24, 2010) ................ 4

5

*Appalachian Ins. Co. v. Rivcom Corp.*, 130 Cal. App. 3d 818 (1982) ........................................ 10

6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 3, 7

7

*Barlow v. GEICO*, No. 19-CV-3349 (PKC) (RML), 2020 WL 5802274 (E.D.N.Y. Sept.
   29, 2020) .................................................................................................... 5, 6

8

9

*Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443 (2011) .............................................. 7

10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 3, 7

11

*Buck v. Unum Life Ins. Co. of Am.*, No. C-08-5166 MMC, 2010 Wl 887379 (N.D. Cal.
   Mar. 11, 2010) .................................................................................................. 5

12

13

*CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226 (2008) .................................................. 3

14

*Chiron Corp. v. Ortho Diagnostic Sys. Inc.*, 207 F.3d 1126 (9th Cir. 2000) ................................. 8

15

*Enger v. Allstate Ins. Co.*, 682 F. Supp. 2d 1094 (E.D. Cal. 2009), *aff'd*, 407 F. App'x 191
   (9th Cir. 2010) ............................................................................................. 9, 11

16

*Garner v. State Farm Mut. Auto. Ins. Co.*, No. C 08-1365 CW, 2008 WL 2620900 (N.D.
   Cal. June 30, 2008) .......................................................................................... 8, 9

17

18

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) .................................................... 8

19

*Gutowitz v. Transamerica Life Ins. Co.,* 126 F. Supp. 3d 1128 (C.D. Cal. 2015) ......................... 5

20

*In re GEICO, Case No. 4:19-cv-03768-HSG* (N.D. Cal. Dec. 2, 2019) .......................................... 9

21

*Lambert v. Carneghi*, 158 Cal. App. 4th 1120 (2008) ............................................................. 10

22

*Lewis v. UBS Fin. Servs. Inc.*, 818 F. Supp. 2d 1161 (N.D. Cal. 2011) ....................................... 11

23

*Louise Gardens of Encino Homeowners Ass'n v. Truck Ins. Exch.*, 82 Cal. App. 4th 648
   (2000) .......................................................................................................... 10

24

*McGowan v. First Acceptance Ins. Co., Inc.* No. 8:19-cv-01101-SCB-CPT (M.D. Fla. Aug.
   14, 2019) .................................................................................................. 10, 11

25

26

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ......................................................... 3

27

*Navellier v. Sletten*, 106 Cal. App. 4th 763 (2003) ............................................................... 7

28

-iii-

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

*Paulson v. Indus. Accident Comm'n of California,* 44 Cal. App. 2d 511 (Cal. Ct. App. 1941) ................................................................................................................ 4

*Pavlina v. Safeco Ins. Co. of Am.*, No. 12-CV-534-LHK, 2012 WL 5412796 (N.D. Cal. Nov. 6, 2012) ................................................................................................ 8, 9 11

*Pivonka v. Allstate Ins. Co*., No. 2:11-CV-1759-GEB-CKD, 2011 WL 6153611 (E.D. Cal. Dec. 12, 2011) .............................................................................................. 9, 11

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035 (9th Cir. 2010) ............................. 3

*Sigler v. GEICO Cas. Co.*, 967 F.3d 658 (7th Cir. 2020) ............................................... 5, 6

*Svenson v. Google Inc.*, 65 F. Supp. 3d 717 (N.D. Cal. 2014) ........................................... 7

*Sylvester v. Depositors Ins. Co.,* No. 20-1322, 2020 WL 4934361 (E.D. Pa. Aug. 24, 2020) ......... 6

*Wasyl, Inc. v. First Bos. Corp.*, 813 F.2d 1579 (9th Cir. 1987) ........................................ 8

*Weimer v. Cnty. of Kern*, No. 1:06-CV-00735, 2007 WL 14353 (E.D. Cal. Jan. 3, 2007) .............. 9

## STATUTES

18 CA ADC § 1660 -1661 ..................................................................................... 7

Cal. Civ. Code § 3300 ......................................................................................... 7

Cal. Civ. Proc. Code § 1280 ............................................................................. 8, 10

Cal. Civ. Proc. Code § 1281.4 ............................................................................. 11

Federal Arbitration Act, 9 U.S.C. §1 ....................................................................... 8

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff alleges that GEICO breached her insurance policy by not paying her sales tax in settlement of her total loss auto claim.  Because Plaintiff's theory of liability is irreconcilable with the governing insurance policy, Plaintiff's Complaint should be dismissed as a matter of law in its entirety for failure to state a claim.  In the alternative, Plaintiff's Complaint should be dismissed or the action stayed because GEICO invoked the mandatory appraisal clause in Plaintiff's insurance policy.  The Court should therefore compel Plaintiff to comply with the appraisal provision of her insurance policy, which is treated as a mandatory arbitration agreement, and dismiss or stay this action pending the appraisal.

## FACTUAL BACKGROUND

Plaintiff alleges that on or around July 22, 2018, she was involved in an automobile accident while operating her leased 2018 Honda Clarity Plug-In Hybrid Touring (the "Leased Vehicle") that resulted in a claim for physical damage to her vehicle under her automobile insurance policy (the "Policy") with GEICO.[1]  Class Action Complaint ("Compl.") at ¶¶ 37-38, Dkt. No. 1.  GEICO then allegedly determined that the Leased Vehicle was a total loss with an adjusted value of $36,539.00.  *See id.* ¶ 39.

Plaintiff alleges GEICO then paid her $35,924.00 in settlement of the claim, comprised of the full adjusted value of the Leased Vehicle plus $385.00 in state and local regulatory fees, minus her $1000.00 deductible. *Id.* at ¶¶ 39-41. Plaintiff alleges, however, that GEICO failed to include any amount for sales tax associated with replacing her total loss Leased Vehicle in the claim settlement payment.  Specifically, Plaintiff alleges she was entitled to state sales tax in the amount of 7.25% of the adjusted Leased Vehicle value, plus local surtax of 0.25%, totaling "ACV sales tax" of $2,769.30.  Compl. at ¶ 42.  And that sales tax is a mandatory applicable cost to be paid to replace or purchase a leased vehicle in California.  *Id.* at ¶ 44.  Plaintiff alleges that GEICO therefore breached the Policy by purportedly not including "any sales tax in making the ACV

---

[1] GEICO does not concede any of the factual allegations in the Complaint, but accepts them as true only for purposes of this motion.

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

1   payment for Plaintiff's total loss." *Id.* at ¶ 45.

2       Section III of the Policy, Physical Damage Coverages, provides that GEICO will pay the

3   amount of "each ***loss***, less the applicable deductible." *See* Policy, Dkt. No. 1-1 at 8.[2] "***Loss***"[3] is

4   defined as "direct and accidental loss of or damage to" the insured vehicle. *Id.* at 7. If an insured

5   sustains a "***loss***", the "LIMIT OF LIABILITY" section *limits* GEICO's liability to "the ***actual***

6   ***cash value*** of the property at the time of the ***loss.***" *Id.* at 9. "***Actual cash value***" is defined as "the

7   replacement cost of the auto or property less ***depreciation*** or ***betterment***." *Id* at 7. Replacement

8   cost is not a defined term under the Policy; "***Depreciation***" is defined as "a decrease or loss in

9   value to the auto or property." *Id.* The Policy also provides that GEICO, at its option, may pay

10  for the loss or to "repair or replace the damaged or stolen property." *Id.* at 10.

11      Section III also contains an appraisal provision which states in full:

12  APPRAISAL

13      If we and the ***insured*** do not agree on the amount of ***loss***, either may, within 60 days after
        proof of loss is filed, demand an appraisal of the ***loss***. In that event, we and the ***insured***
14      will each select a competent appraiser. The appraisers will select a competent and
        disinterested umpire. The appraisers will state separately the ***actual cash value*** and the
15      amount of the ***loss***. If they fail to agree, they will submit the dispute to the umpire. An
        award in writing of any two will determine the amount of ***loss***. We and the ***insured*** will
16      each pay his chosen appraiser and will bear equally the other expenses of the appraisal and
        umpire.
17

18      We will not waive our rights by any of our acts relating to appraisal.

19
    *Id.* at 10 (emphasis in original). Once a party invokes appraisal, the process is mandatory and the
20
    determination binds both parties. The appraisal provision is one of many terms with which
21
    Plaintiff agreed to comply prior to bringing suit against GEICO. *Id.* at 9 ("We cannot be sued: (a)
22
    unless the policy terms have been complied with; and (b) until 30 days after proof of loss is filed
23
    and the amount of ***loss*** is determined.")
24
        Plaintiff's Complaint was GEICO's first notice that there was a dispute concerning the
25
    amount of loss paid in settlement of Plaintiff's claim. *See* Compl., Dkt. No. 1. After receiving the
26

27      [2] Citations to the Policy are to the Policy page number.
        [3] All terms in bold and italics herein have the same emphasis as in the Policy.
28

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

Complaint, GEICO timely invoked its right to appraisal.  *See* GEICO's Ltr. to Demand Appraisal (Nov. 19, 2020), attached to the Declaration of Ian Shelton (Dec. 28, 2020) ("Shelton Decl."), Ex. A.  Plaintiff subsequently rejected GEICO's invocation of appraisal.  See Pl.'s Letter (Nov. 23, 2020), Shelton Decl. Ex. B.

<b>ARGUMENT</b>

**I.      THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM.**

The Court should dismiss Plaintiff's sole cause of action for breach of contract pursuant to Federal Rule of Civil Procedure 12(b)(6) because she fails to state a claim for relief.  In order to survive a motion to dismiss, Plaintiff's Complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A claim is facially plausible when "the non-conclusory 'factual content,' and reasonable inferences from that content," are "plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is obligated to set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice.  *Twombly*, 550 U.S. at 555.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Iqbal*, 556 U.S. at 677-678).

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008).  Plaintiff fails to state a claim for relief because she does not allege that GEICO breached a provision of the Policy or that she

-3-

1    suffered damages.  Thus, the Complaint should be dismissed.

2        **A.      Plaintiff Does Not Allege a Breach of the Policy.**

3            Plaintiff's theory of liability is irreconcilable with the controlling Policy.  Plaintiff's claim

4    is founded on allegations that GEICO breached the Policy by failing to pay sales tax in settling

5    Plaintiff's total loss Leased Vehicle claim.  *See, e.g.*, Compl. ¶¶ 40-45.  Relying solely on the fact

6    that the Policy does not *exclude* sales tax (Compl. ¶ 23), Plaintiff alleges in conclusory fashion

7    that taxes should therefore be *included*.  Plaintiff ignores the explicit wording of the Policy and the

8    clear and unambiguous insuring provision contained therein.   As such, Plaintiff's Complaint

9    should be dismissed in its entirety with prejudice.

10

11            "An insurance policy is subject to the same rules that apply to the construction of contract

12   language, and 'the mutual intention of the parties at the time the contract is formed governs its

13   interpretation.'"   *Allstate Ins. Co. v. Gassmann*, No. CV 08-04833-DSF-PLAx, 2010 WL

14   1710306, at *5 (C.D. Cal. Apr. 24, 2010) (citation and quotation omitted); *Paulson v. Indus.*

15   *Accident Comm'n of California*, 44 Cal. App. 2d 511, 516 (Cal. Ct. App. 1941) (same).   Here, the

16   Policy cannot be interpreted to provide coverage for the sales tax Plaintiff seeks.

17            Plaintiff identifies no provision in the Policy that grants coverage for the taxes she claims

18   in this action.  The insuring provision in Section III of the Policy, which establishes the basic grant

19   of coverage, provides that if a vehicle sustains physical loss or damage, the "*loss*" will be covered.

20   "*Loss*" is defined as "direct and accidental loss of or damage to: (a) an insured auto, including its

21   equipment; or; (b) other property insured under this section."   Policy at 7, Dkt. No. 1-1.  There is

22   no reference to taxes.  On its face, the insuring provision does not cover the taxes Plaintiff seeks.

23   Plaintiff does not allege otherwise.   Nor does the insuring provision contemplate payment of the

24   cost to replace Plaintiff's Leased Vehicle.   Indeed, the Policy's "payment of *loss*" provision

25   provides that GEICO, at its option, may (a) "pay for the *loss*" or (b) "repair or replace the

26   damaged or stolen property."   *Id.* at 10.  If a payment for a "*loss*" was equivalent to the payment

27

28

-4-
**MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE**

1    for replacing the Leased Vehicle, as Plaintiff contends, it would render this provision meaningless.

2         Rather than address the operative insuring provision that provides the coverage grant in the

3    Policy, Plaintiff instead alleges that the definition of "*actual cash value*" in the Policy somehow

4    requires the payment of taxes.  Compl.  at ¶¶ 20-24, 27.  "*Actual cash value*," however, is only

5    used in the Policy's "LIMIT OF LIABILITY" section.  Policy at 9, Dkt.  No. 1-1.  The Policy's

6    "LIMIT OF LIABILITY" section does not provide coverage, but unambiguously places *upper*

7    *limits* on the amount GEICO is required to pay when a loss is covered under the insuring

8    provision.  The Policy states that the most [GEICO] will pay for *loss* "is the *actual cash value* of

9    the property at the time of the *loss* …" *Id.*   This language does not provide or expand coverage; it

10   establishes the maximum amount payable on a covered loss.  Under California law, courts cannot

11   do what Plaintiff seeks, namely to impose additional contractual requirements or expand coverage

12   beyond the unambiguous terms of the insurance policy.  *Gutowitz v. Transamerica Life Ins. Co.*,

13   126 F. Supp. 3d 1128, 1137 (C.D. Cal. 2015) ("[A] court cannot rewrite the policy and bind an

14   insurer to cover a risk that it did not contemplate covering and for which it was not paid.")

15   (citation omitted); *Buck v. Unum Life Ins. Co. of Am.*, No. C-08-5166 MMC, 2010 WL 887379, at

16   *5 (N.D. Cal. Mar. 11, 2010) ("[T]he California Supreme Court has expressly recognized that

17   courts applying California law cannot rewrite any provision of any contract, including [an

18   insurance policy], for any purpose.") (citation and punctuation omitted).

19        This plain reading is supported by the definition of "*actual cash value*" in the Policy:  "the

20   replacement cost of the auto or property less *depreciation* or *betterment.*"  *Id.* at 7.  Depreciation

21   and betterment are only applicable to the physical vehicle—taxes do not depreciate (or increase in

22   value).  To read replacement cost as encompassing sales tax, as Plaintiff contends, would render

23   the remainder of the "*actual cash value*" definition meaningless.

24        Further, Plaintiff's proposed interpretation of the Policy is squarely at odds with recent

25   decisions from the Seventh Circuit Court of Appeals, *Sigler v. GEICO Casualty Insurance*

26   *Company,* and the U.S. District Court for Eastern District of New York, *Barlow v. GEICO,* which,

27   interpreting the same substantive language in a GEICO policy, which rejected the exact coverage

28   arguments advanced by Plaintiff in this case.  *Sigler v. GEICO Cas. Co.*, 967 F.3d 658 (7th Cir.

-5-

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

1    2020); *Barlow v. GEICO*, No. 19-CV-3349 (PKC) (RML), 2020 WL 5802274 (E.D.N.Y. Sept. 29,

2    2020). As cogently explained by the Seventh Circuit:

> [Plaintiff] misconstrues a limitation on liability as a promise to pay. Put slightly
> differently, [Plaintiff] mistakes a liability ceiling for a floor. The Limit of
> Liability section of the policy doesn't promise to pay these costs regardless of
> whether the insured incurs them; it simply describes the *most* that GEICO will
> pay in the event of a covered loss. To repeat: the coverage-granting language says
> only that GEICO will pay for the "collision loss to the owned or non-owned
> auto," with "loss" defined as "direct and accidental loss of or damage to" an
> insured vehicle or "[o]ther insured property."
>
> [Plaintiff] argues that the policy's "silence" on whether he is entitled to payment
> for taxes and fees he did not incur should be interpreted in favor of coverage
> because GEICO cannot point to unambiguous language that *excludes* these
> particular costs. That gets things backward. Analysis of exclusions does not come
> into play unless these costs are encompassed within GEICO's basic coverage
> grant in the first instance; an insurance policy does not need to exclude coverage
> for something that it does not cover to begin with. *Sigler*, 2020 WL 4251699, at
> *2; *see also Barlow*, 2020 WL 5802274, at *5 (holding "ACV" does not include
> fees). As did both the Seventh Circuit and the Southern District of New York,
> this Court should find that "ACV" is a *limit of liability and not a grant of
> coverage.*

15   *Sigler*, 967 F.3d at 660; *see also Sylvester v. Depositors Ins. Co.*, No. 20-1322, 2020 WL 4934361,

16   at *5 (E.D. Pa. Aug. 24, 2020) (same). Furthermore, even if Plaintiff is correct and "ACV" is an

17   insuring provision, the term "replacement cost" in the actual cash value definition does not

18   encompass ancillary costs like sales tax. In *Barlow*, the court specifically rejected this same

19   argument, noting that "while the term 'replacement cost' could be colloquially understood as all

20   expenses Plaintiffs must pay to obtain a new car and to encompass the entire ACV . . . , that

21   colloquial understanding does not govern contract interpretation." *Barlow*, 2020 WL 5802274, at

22   *5. Like the Seventh Circuit and the Eastern District of New York, this Court should find that

23   actual cash value is a limit of liability and not a grant of coverage, and dismiss the Complaint with

24   prejudice.

**B.    Plaintiff Does Not Adequately Plead Damages.**

Plaintiff also fails to plausibly allege damages because there is no allegation that she paid

sales tax in connection with her lease of the Leased Vehicle.  "Damages are an essential element of a breach of contract claim."  *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1467-68 (Cal. Ct. App. 2011) (citing *Navellier v. Sletten*, 106 Cal. App. 4th 763, 775 (2003)).  The statutory measure of damages for breach of contract is "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."  Cal. Civ. Code § 3300.  Here, Plaintiff alleges no actual damages or detriment from GEICO's purported breach.  "Plaintiff's conclusory allegation that she and the Class 'are damaged' is insufficient to plead this element of her contract claim." *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 723 (N.D. Cal. 2014).

Plaintiff does not allege that she suffered damages because she paid sales tax with respect to the Leased Vehicle.[4]  Consequently, the fact that GEICO "refused or otherwise failed to pay ACV Sales Tax as part of its purported ACV payment to Plaintiff," as Plaintiff alleges in her Complaint, does not matter because Plaintiff does not allege that she paid out-of-pocket sales tax and suffered damages because she was not reimbursed.  Compl. ¶ 68.  Nor does Plaintiff allege that she suffered damages in connection with procurement of a replacement vehicle following her total loss.  The *Iqbal/Twombly* pleading standard requires Plaintiff to move beyond a generic recitation of the elements and factually identify the damages she allegedly suffered.  Plaintiff fails to do so.  Insurance is a contract of indemnity designed to make the insured whole.  Plaintiff argues that the Policy requires GEICO to pay sales tax because it "is incontrovertibly an element of the *replacement cost* of the vehicle, and is therefore incontrovertibly an element of the ACV of the insured vehicle" (Compl. ¶ 27 (emphasis added)), but Plaintiff does not allege that she actually incurred sales tax liability in acquiring or replacing the Leased Vehicle.  In requesting that GEICO pay sales tax to Plaintiff when there is no allegation that Plaintiff paid sales tax, she is seeking contract damages without pleading that she suffered any loss.

---

[4] Unlike a vehicle purchase, the lease of a vehicle in California typically does not involve payment of sales tax upfront in a lump sum based on the vehicle value.  Rather, sales tax is only incurred on a monthly basis based on a number of factors, including rent charges. 18 CA ADC § 1660 -1661.

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

1

2    **II.    THE COURT SHOULD COMPEL APPRAISAL AND DISMISS THE COMPLAINT OR STAY THE CASE PENDING THE APPRAISAL.**

3

4          **A.    The Appraisal Provision Is Enforceable as a Mandatory Arbitration Agreement.**

5

6          Plaintiff's claims are, in sum, that GEICO underpaid the "Actual Cash Value" owed in

7    settling the total loss claim on the insured vehicle by not including amounts for certain taxes.  As

8    noted above, the Policy contains an unambiguous appraisal provision whereby either GEICO or

9    Plaintiff can invoke appraisal in the event that there is disagreement on the amount of the loss.

10   GEICO invoked the appraisal provisions of the Policy through its November 19, 2020, letter to

11   Plaintiff, and Plaintiff has not agreed to proceed with appraisal or to dismiss or stay this action

12   until the appraisal process is complete.

13          Appraisal is a form of arbitration subject to the Federal Arbitration Act, 9 U.S.C. §1, *et

14   seq.* ("FAA").[5]   The FAA reflects a "liberal federal policy favoring arbitration agreements."

15   *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (citation and quotation omitted).

16   The Court's role under the FAA is "limited to determining (1) whether a valid agreement to

17   arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."

18   *Chiron Corp. v. Ortho Diagnostic Sys. Inc*., 207 F.3d 1126, 1130 (9th Cir. 2000).

19          Federal courts give full effect to appraisal provisions under the FAA.   *See Pavlina v.

20   Safeco Ins. Co. of Am.*, No. 12-CV-534-LHK, 2012 WL 5412796, *6 (N.D. Cal. Nov. 6, 2012)

21   (invoking FAA and granting motion for judgment on the pleadings and dismissing case because

22   "the Insurance Policy bars the Plaintiff from pursuing this action against the Defendant while the

23   dispute over the actual cash value of the Leased Vehicle has not been addressed through

24   appraisal"); *Garner v. State Farm Mut. Auto. Ins. Co.*, No. C 08-1365 CW, 2008 WL 2620900, at

25          [5] State law governs whether an appraisal constitutes arbitration for purposes of the FAA.
26   *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987).   Under California law,
     agreements providing for "appraisals" are treated as arbitration agreements.  Cal. Civ. Proc. Code
27   ("CCP") § 1280(a).  Once it is determined that a contractual provision is an arbitration agreement,
     the FAA governs.  *Wasyl*, 219 F.3d at 1582.
28

*3, *10 (N.D. Cal. June 30, 2008) (invoking FAA and granting motion to compel appraisal and stay the case).

Although centering on certain taxes Plaintiff contends were not included in her settlement, Plaintiff's claims are at their core a disagreement concerning the "amount of the loss." *See e.g.*, Compl. ¶ 68, Dkt. No. 1 ("Defendant refused or otherwise failed to pay ACV Sales Tax as part of its purported ACV payment to Plaintiff and every Class member, following Defendant's determination that a vehicle was a total loss.").  In fact, Plaintiff alleges GEICO pays sales tax as part of the settlement of total loss claims under certain circumstances illustrating that this dispute, as plead by Plaintiff, centers on the amount of GEICO's total loss payment. *Id*. at 4, 35, 45, 68. Thus the allegations of the Complaint demonstrate there is a dispute over the amount of the loss, and appraisal will determine what—if anything—remains to be paid on Plaintiff's insurance claim.[6]  *See Garner*, 2008 WL 2620900, at *7 (dispute over ACV of stolen vehicle falls within appraisal provision); *Pavlina*, 2012 WL 5412796, at *5 (appraisal provision encompasses dispute over ACV of destroyed vehicle); *Pivonka v. Allstate Ins. Co*., No. 2:11-CV-1759-GEB-CKD, 2011 WL 6153611, at *1, *4 (E.D. Cal. Dec. 12, 2011) (dispute over ACV of personal property damaged or destroyed in fire is within the policy's appraisal provision); *Enger v. Allstate Ins. Co*., 407 F. App'x 191, 193 (9th Cir. 2010) (affirming dismissal of case for failure to comply with the appraisal process regarding ACV of her personal property). Appraisal is an efficient dispute resolution mechanism in cases such as this, where the dispute is about the amount of the insured loss.[7]

---

[6] By the plain language of the Policy, it is immaterial that Plaintiffs believe the cause of the disagreement concerning the "Actual Cash Value" of their total loss vehicles is GEICO's alleged failure to give appropriate credit for certain components of the "loss" allegedly covered by the Policy.  The Policy makes no exception related to the *reason* for the disagreement, so long as the parties "do not agree on the amount of *loss*." *See* Policy, Dkt. No. 1-1 at 10.  Plaintiff cannot plausibly argue that the allegations of the Amended Complaint regarding underpayment of "Actual Cash Value" do not fall within the broad scope of this provision.

[7] GEICO notes that Judge Gilliam denied a request by GEICO to compel appraisal in a matter involving similar, but not identical, issues. *See In re GEICO*, Case No. 4:19-cv-03768-HSG Skt. No. 58 (N.D. Cal. Dec 2, 2019).  That decision is not binding on this Court, and GEICO suggests that appraisal is appropriate under these circumstances. *See Weimer v. Cnty. of Kern*, No. 1:06-
(footnote continued)

A recent decision from the District Court for the Middle District of Florida in *McGowan v. First Acceptance Ins. Co., Inc.* is instructive. No. 8:19-cv-01101-SCB-CPT, Dkt. No. 30 (M.D. Fla. Aug. 14, 2019), Shelton Decl., Ex. C. In *McGowan*, the plaintiffs alleged, as here, that defendant underpaid "Actual Cash Value" in settling his total loss claim by failing to include sales tax, title fees and tag fees. *Id.* Defendant moved to compel appraisal, citing the, substantially similar, appraisal provision in its policy. *Id.* The court granted defendant's motion and dismissed the action pending appraisal, finding plaintiff's claims for taxes and fees were in fact a dispute concerning the amount of the loss for the totaled vehicle, and thus were subject to appraisal. *Id.* A similar decision is warranted here.

GEICO is contractually entitled to have the appraisal process completed prior to suit on the Policy. Because Plaintiff's claim concerns only the amount of loss, and the amount of loss must be determined by appraisal, the breach of contract claims at issue are subject to the appraisal provision of the Policy. The Court should compel Plaintiff to comply with it.[8]

### B. The Court Should Dismiss the Complaint or Alternatively Stay the Case Pending the Appraisal.

GEICO is contractually entitled to have the appraisal process completed prior to suit on the Policy. The Policy's "ACTION AGAINST US" provision states the insured may not bring suit

---

CV-00735, 2007 WL 14353, at *9 (E.D. Cal. Jan. 3, 2007) (holding that comments "are not binding for the purposes of [a] civil action, as the parties and issues are different").

[8] GEICO maintains that an order compelling Plaintiff to comply with the appraisal provision of the Policy is mandated by the FAA. However, GEICO would be entitled to the same relief under California law. The California Arbitration Act ("CAA") provides that an enforceable arbitration "agreement" includes "agreements providing for valuations, appraisals, and similar proceedings. . . ." Cal. Civ. Proc. Code § 1280(a). Under California law, "'an agreement to conduct an appraisal contained in a policy of insurance constitutes an agreement within the meaning of [Code of Civil Procedure] section 1280, subdivision (a), and therefore is considered to be an arbitration agreement subject to the statutory contractual arbitration law.'" *Lambert v. Carneghi*, 158 Cal. App. 4th 1120, 1129 (2008) (quoting *Louise Gardens of Encino Homeowners Ass'n v. Truck Ins. Exch.*, 82 Cal. App. 4th 648, 658 (2000) (reversing trial court's order vacating appraisal award and finding that an agreement providing for an appraisal "is considered to be an arbitration agreement subject to statutory contractual arbitration law"); *Appalachian Ins. Co. v. Rivcom Corp.*, 130 Cal. App. 3d 818, 824 (1982) ("an agreement providing for an appraisal is included within the concept of agreements to arbitrate").

-10-
MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

against GEICO unless "the policy terms have been complied with."  Policy, Dkt. No. 1-1 at 9 (page 31 of Policy).  Because GEICO has invoked appraisal, Plaintiff's suit should be dismissed pending completion of the appraisal process.  *See Enger v. Allstate Ins. Co.*, 682 F. Supp. 2d 1094, 1099 (E.D. Cal. 2009) (dismissing action for failure to comply with appraisal clause), *aff'd*, 407 F. App'x 191, 193 (9th Cir. 2010); *Pavlina*, 2012 WL 5412796, at *6 (same); *McGowan v. First Acceptance Ins. Co., Inc.*, Shelton Decl., Ex. B.

If the Court declines to dismiss the case, it should at a minimum compel the appraisal and stay the case pending the outcome of the appraisal.  The Court has the option of dismissing the case, or alternatively staying the case pending arbitration.  *Lewis v. UBS Fin. Servs. Inc.*, 818 F. Supp. 2d 1161, 1165 (N.D. Cal. 2011) ("Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action."); *see also* 9 U.S.C. § 3 (providing for stay under FAA); Cal. Civ. Proc. Code § 1281.4 (providing for stay under CAA).  While GEICO believes dismissal is appropriate, if the Court is not inclined to dismiss the action, based on the authorities set forth above, it should at a minimum compel arbitration and stay the litigation pending completion of appraisal.  *See Pivonka v. Allstate Ins. Co.*, No. 2:11-cv-GEB-CKD, 2011 WL 6153611, at *4 (granting motion to compel appraisal and stay the case); *730 I St. Inv'rs, LLC v. Evanston Ins. Co.*, No. 2:19-CV-00040-JAM-CKD, 2019 WL 1869851, at *4-5 (E.D. Cal. Apr. 25, 2019) (granting motion to compel appraisal and stay the case).

## CONCLUSION

GEICO respectfully requests that the Court dismiss the case in its entirety for failure to state a claim or, in the alternative, grant the motion to compel appraisal and dismiss or stay the case pending the appraisal.

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

DATED:   December 28, 2020            EVERSHEDS SUTHERLAND (US) LLP


                                      By */s/ Ian S. Shelton*
                                      _____

                                      Attorneys for Defendant
                                      GEICO INDEMNITY COMPANY

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE

1

## <u>PROOF OF SERVICE</u>

2        On December 28, 2020, I caused to be served the above-referenced document by the

3   Court's electronic CM/ECF system.  The transmission was reported as complete and without error.

4        I declare under penalty of perjury under the laws of the United States that the above is true

5   and correct.

6   DATED:   December 28, 2020            EVERSHEDS SUTHERLAND (US) LLP

7

8                                        By */s/ Ian S. Shelton*
                                            Ian S. Shelton
9
                                         Attorneys for Defendant
10                                        GEICO INDEMNITY COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY CASE